```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAO ZHE WANG,

                    Plaintiff,

      - against -

NATIONAL ASSOCIATION OF REALTORS,
et al.,

                    Defendants.
------------------------------------------------------------X

24-CV-2371 (JGLC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This order resolves the motions of Defendants National Association of Realtors ("NAR"), Halstead Manhattan, LLC ("Halstead"), Brown Harris Stevens Residential Sales, LLC ("BHS"), and Real Estate Board of New York ("REBNY") (collectively, "Moving Defendants") for a continuation of the temporary stay previously imposed in the case pending further developments in *Burnett v. NAR, et al.*, No. 4:23-CV-332 (W.D. Mo.), a nationwide class action of which Plaintiff is a class member. The Moving Defendants request continuation of the stay pending resolution of Plaintiff's appeal of the final order and judgment approving the settlement in *Burnett v NAR*. (*See* Dkts. 88, 89.) The requests are GRANTED.

      A significant reason for the stay is the prospect of inefficient and burdensome piecemeal litigation that may occur depending on the outcome of the Eighth Circuit appeal. A continued stay is also consistent with the continuation of stays in other similar cases, including those previously ordered by this Court. *See March v. REBNY*, No. 23-

1

CV-9995 at Dkt. 281 (S.D.N.Y. Jan. 7, 2025); *Friedman v. REBNY*, No. 24-CV-405, at Dkt. 155 (S.D.N.Y. Jan. 7, 2025).  The parties have not identified any concerns posed by a stay with respect to non-parties.  The only prejudice that Plaintiff has identified is the delay in prosecution of the instant proceedings.  While the Court does not want to see litigation unnecessarily drawn out, and recognizes that Plaintiff has a valid interest in seeing his case progress in timely fashion, the prejudice to Plaintiff from the delay is outweighed considerably by the other interests for which the Court must account.  *See Poppel v. Rockefeller University Hospital*, No. 19-CV-1403, 2019 WL 3334476, at *2 (S.D.N.Y. July 25, 2019) (listing factors courts consider when determining whether to grant a stay).

Plaintiff's arguments against continuation of the stay are not persuasive.  (*See* Dkt. 90.)  First, Plaintiff argues that his claim – as a direct purchaser of real property – is distinct from and not covered by the release or other provisions in the *Burnett* settlement.  Plaintiff ignores, however, that the scope of released claims in the *Burnett* settlement expressly "extends to transactions where Settlement Class members **either sold or purchased** a home on any MLS nationwide." (*Burnett* Final Approval Order at 78; *Burnett* Final Judgment at 3.)  The *Burnett* court enjoined all members of the settlement class who did not opt out "from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any Released Claims against any of the Released Parties." (*Burnett* Final Judgment at 2.)  While Plaintiff disputes whether his claim in the instant action is a "Released Claim," the *Burnett* court expressly retained "continuing and exclusive jurisdiction" over members of the Settlement Class, with respect to, *inter alia*, interpretation, implementation, and enforcement of the Settlement "including with respect to the membership and scope of the Settlement Class, Released Claims, and Released

Parties." (*Burnett* Final Judgment at 3.) It is most sensible to stay the instant action pending appellate review and consideration of the judgment incorporating those provisions.

Plaintiff also argues that a stay is not warranted specifically with respect to Defendants Halstead and BRS because, at the time that he filed his objections to the *Burnett* settlement, Plaintiff allegedly was not aware that Halstead and BRS had opted in to the settlement as defendants. Moving Defendants have debunked that assertion. (*See* Dkt. 92 at 2-3 ("on September 30, 2024, again prior to Plaintiff's filing his objection in *Burnett*, the fact of the [BRS/Halstead] settlement was made public on the *Burnett* docket").)

Accordingly, this action is stayed pending determination in the *Burnett* appeal or such other order of the Court.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 88 and 89.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: January 23, 2025
         New York, New York

Copies transmitted this date to all counsel of record.