```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HAO ZHE WANG,                                               :
                                                            :    24-CV-2371 (JGLC) (RWL)
                              Plaintiff,                    :
                                                            :
         - against -                                        :    ORDER
                                                            :
                                                            :
NATIONAL ASSOCIATION OF REALTORS,                           :
ET AL.,                                                     :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/04/2025

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This resolves Plaintiff's request for clarification (Dkt. 94) of the Court's stay order issued at Dkt. 93 (the "Stay Order"). The request asks whether the stay granted by the Stay Order applies to only the four movants (i.e., NAR, REBNY, Halstead, and BHS) or whether it applies to the case as a whole. The answer is the latter.

Plaintiff chose to file the instant action against a group of Defendants. That group includes, among others, the four movants who are parties to the class action settlement on appeal in the Eighth Circuit. Although eXp and HSA, also defendants in the instant action, are not parties to the settlement on appeal in the Eighth Circuit, the Eighth Circuit's decision may be determinative of whether the four movants remain as defendants in the instant action. As this Court stated in granting the stays in both the *Friedman* and *March* cases, "proceeding with the instant litigation against REBNY without knowing the fate of many of the non-REBNY Defendants is inefficient and unwieldy and disserves the interests of the Court, the Defendants, and the public."

1

The same is true here with respect to eXp and HSA (be they "unethical" or not) on one hand and the four movants on the other: it would be inefficient, unwieldy, and disserving of the interests of the Court, the Defendants, and the public, if the case were to proceed now against eXp and HSA only to find out months later that the case will also need to continue against other Defendants. Even if the case were not to proceed against the four movants following the Eighth Circuit decision, Plaintiff will not be significantly prejudiced. As he notes, a briefing schedule has been set in the Eighth Circuit appeal (Dkt. 99 at 5); the stay is not indefinite, but rather is defined by the outcome of the Eighth Circuit appeal. And, although Plaintiff raises the specter of stale evidence, lost records, faded memories, and changing jobs and businesses (Dkt. 99 at 3), those concerns are merely speculative at this juncture, and Plaintiff has not identified any specific facts to give them enough heft to outweigh other factors.

Accordingly, Plaintiff's request for clarification that the Stay Order applies only to the four movants is denied.

The Clerk of Court is directed to terminate the letter motion at Dkt. 94.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 4, 2025
　　　　New York, New York

Copies transmitted this date to all counsel of record.